**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 12, 2026**

# In the Court of Appeals of Georgia

A25A1808. SLAPPEY v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Kenneth Slappey was convicted of child molestation and furnishing alcohol to a minor. He appeals the denial of his motion for new trial. Slappey argues that the trial court erred by allowing two witnesses to testify about a statement he had made to one of them, and by refusing to allow him to introduce a video recording from a law enforcement officer's body camera. We find no error and affirm.

1. *Background*

The evidence presented at trial showed the following. Slappey's mother dated M. M.'s father. Slappey occasionally stayed at M. M.'s house, where she lived with her father.

On one occasion in March 2019, when M. M. was 13 years old and her best friend, E. G., was 14 years old, E. G. spent the night at M. M.'s house while Slappey was there. Slappey was 26 years old at the time. The three hung out in the garage, and Slappey offered the girls alcoholic drinks.

Later, after M. M. had gone to sleep, Slappey took E. G. back to the garage, where he removed her clothes, began to perform oral sex on her, masturbated, and ejaculated on her arm.

E. G. disclosed the occurrence to her mother months later. Her mother called the police. An officer arrived and took statements from E. G. and her mother and recorded the interaction on his body camera.

Slappey was convicted and sentenced for molesting E. G. and furnishing her alcohol. The trial court denied Slappey's motion for new trial, and he filed this appeal.

2. *Other acts evidence*

Slappey argues that the trial court erred by admitting certain statements under OCGA § 24-4-404 (b) ("Rule 404 (b)"). Because the statements were admissible for proving Slappey's intent and their probative value was not substantially outweighed by undue prejudice, the trial court did not clearly abuse her discretion in admitting them.

"We review the trial court's decision to admit evidence pursuant to Rule 404 (b) for a clear abuse of discretion." *Henderson v. State*, 318 Ga. 752, 754 (1) (900 SE2d 596) (2024) (citation and punctuation omitted).

> [F]or other acts to be admissible pursuant to Rule 404 (b), the trial court must conclude that (1) the other acts evidence is relevant to an issue other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice under OCGA § 24-4-403 ("Rule 403"), and (3) there is sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the acts.

*State v. Flowers*, 320 Ga. 882, 887 (2) (912 SE2d 527) (2025) (citation and punctuation omitted).

At a pretrial motions hearing, Slappey moved in limine to prevent the state from presenting evidence that Slappey had told M. M.'s 13-year-old girl cousin that the only reason he went to the pool with M. M. and the cousin was to see them in their

bathing suits. The trial court denied the motion in limine. The trial court ruled that the statements were admissible under Rule 404 (b) for the purpose of showing Slappey's state of mind in order to prove his intent.

So at trial, M. M. testified that the cousin told her that Slappey had said that the only reason he was at the pool was to see the girls in their bathing suits. M. M. also made the statement in her forensic interview, which was played for the jury. The cousin testified at Slappey's trial that Slappey had commented that he thought the girls looked good in their bathing suits.

"Because (Slappey) entered a plea of not guilty, he made intent a material issue, and the [s]tate may prove intent by qualifying Rule 404 (b) evidence absent affirmative steps by the defendant to remove intent as an issue." *Henderson*, 318 Ga. at 755 (1) (citation and punctuation omitted). And "[t]he relevance of other acts evidence offered to show intent is established when the prior act was committed with the same state of mind as the charged crime." Id. (citation and puncutaiton omitted).

OCGA § 16-6-4 (a) (1) provides that "[a] person commits the offense of child molestation when such person . . . [d]oes an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or

satisfy the sexual desires of either the child or the person[.]" So the issue is whether Slappey's comment about the girls looking good in their bathing suits was relevant to showing his intent to arouse or satisfy his or the girls' sexual desires.

We have held before that this kind of other acts evidence was admissible to show intent in a child molestation prosecution. In *Blevins v. State*, 343 Ga. App. 539 (808 SE2d 740) (2017), overruled in part on other grounds by *McElrath v. State*, 308 Ga. 104, 112 n. 16 (2) (839 SE2d 573) (2020), the defendant, a middle school band director, argued that the trial court erred by admitting other acts evidence, including the testimony of a colleague that the defendant had "posted photographs of students in their swimsuits on Facebook, saying that they were beautiful." Id. at 544 (2) (a) (punctuation omitted). We held that the trial court did not err in admitting the evidence under OCGA § 24-4-404 (b), because the evidence was relevant to showing the defendant's intent to arouse the girls' or his own sexual desires. Id. at 545 (2) (a).

Similarly, from the other acts evidence at issue here, a jury could infer that Slappey made the comment with the intent to arouse or satisfy his or the girls' sexual desires. See *Gerbert v. State*, 339 Ga. App. 164, 177 (3) (a) (793 SE2d 131) (2016). The

trial court did not clearly abuse her discretion in finding that the challenged evidence was relevant, probative, and admissible under Rule 404 (b) to prove Slappey's intent.

Slappey also argues that the trial court should have excluded the evidence under Rule 403, because "its probative value [was] substantially outweighed by the danger of unfair prejudice. . . ." OCGA § 24-4-403. Such a determination "lies within the discretion of the trial court . . . ." *Gerbert*, 339 Ga. App. at 177 (3) (b) (citations and punctuation omitted). We hold that "[t]he probative value of the evidence was not substantially outweighed by its prejudicial effect. It is unlikely that the jury would [have been] more inflamed in any appreciable measure by the relatively minor other acts evidence than the jury already was by the . . . sexual offenses . . . with which he was actually charged[,]" *Gerbert*, 339 Ga. App. at 178 (3) (b), as well as the similar evidence presented at trial to which Slappey did not object.

Indeed, E. G. testified without drawing an objection that Slappey told her that he likes kinks and explained to her what a kink community was; that he told her that he liked being called "daddy"; that when M. M. walked out of the room, Slappey said, "I know she's young but look at her butt," from which E. G. inferred that he liked it and thought it was cute; that after he had ejaculated, Slappey told her that it was "the

best p-u-s-s-y he had ever had"; and that he told her that "he had done it before, that it wasn't his first time doing it with younger girls."

3. *Video recording from responding officer's body camera*

Slappey argues that the trial court erred by refusing to allow him to introduce a video recording from the body camera of the law enforcement officer who responded to the call from E. G.'s mother. Slappey argues that E. G.'s statement on the recording about the date of the crime conflicted with her trial testimony and her forensic interview, so the recording was admissible as impeachment evidence.

After listening to the recording multiple times, the trial court found that the recording was not admissible as impeachment evidence because, among other things, it did not contain prior inconsistent statements, given E. G.'s testimony about the date of the crime. The record supports the trial court's ruling.

E. G. testified at trial that the crimes happened in March 2019. She acknowledged that when she initially talked with the police, she knew that the crimes had occurred toward the end of her eighth-grade year, but she was not sure of the month. But eventually, she testified, she confirmed the date as March 9, 2019, by looking at a Snapchat photograph she had saved from that night.

Defense counsel cross examined E. G. about her initial uncertainty about the date, eliciting testimony that she previously could not remember the date; that she had given various, inconsistent dates for the crime; and that she had been mistaken about the date. This record supports the trial court's finding that the body camera recording was not inconsistent with E. G.'s trial testimony about the date of the crime.

"A trial judge has considerable discretion to determine whether a prior statement is inconsistent with a witness' trial testimony. We will not disturb such a ruling on appeal absent an abuse of that discretion." *Tanker Mgmt. v. Brunson*, 918 F2d 1524, 1526 (A) (11th Cir. 1990). See generally *Martinez-Gaspar v. State*, 375 Ga. App. 189, 192-193 (2) (915 SE2d 79) (2025). Slappey has not shown such an abuse. Given this resolution, we do not reach Slappey's argument that he was not required to give E. G. the opportunity to explain any inconsistencies.

Slappey also argues that the recording was admissible to show E. G.'s demeanor, which, he contends, differed from her demeanor at trial and her demeanor on her forensic interview. The trial court ruled that E. G.'s demeanor in the video recording was not relevant because the recording was taken five months after the crime took place. Slappey does not argue otherwise in his appellate brief.

The trial court ruled that the video recording from the body camera was inadmissible for another reason: it would have required extensive redactions — as the parties agreed — because it contained several irrelevant and inadmissible parts. So, the court held, the recording would have confused and mislead the jury and was inadmissible under Rule 403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Slappey argues only that the recording of E. G.'s forensic interview, which was admitted at trial, also contained redactions. But he makes no meaningful argument that demonstrates trial court error in excluding the body camera recording because of the risk of confusion. See *Lundy v. Hancock County*, 368 Ga. App. 772, 781 (9) (a) (890 SE2d 92) (2023) ("mere conclusory statements are not the type of meaningful argument contemplated by our rules") (citation and punctuation omitted).

Slappey has not shown that the trial court committed reversible error in refusing to allow him to introduce the video recording from the body camera.

4. *Cumulative error*

9

Slappey argues that the cumulative trial court errors were not harmless. "To establish cumulative error a defendant must demonstrate that at least two errors were committed in the course of the trial and considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied the petitioner a fundamentally fair trial." *Huff v. State*, 315 Ga. 558, 567–568 (6) (883 SE2d 773) (2023) (citation and punctuation omitted). But Slappey has not demonstrated that any errors were committed in the course of his trial.

*Judgment affirmed. Hodges and Padgett, JJ., concur.*